JOHN L. BURRIS ESQ., SBN #69888
BENJAMIN NISENBAUM, ESQ., SBN #222173
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.burris@johnburrislaw.com
bnisenbaum@gmail.com

Attorney(s) for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON WHITMORE,<br><br>Plaintiff,<br>v.<br><br>TIMOTHY WILHELM, an individual; CHRIS PETERS, an individual; JESUS AVINA, an individual; THOMAS BOHANON, an individual; MICHAEL CLARK, an individual; JOSEPH HORSMAN, an individual; CHARLES BLOUNT, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 4:13-cv-01408 PJH<br><br>**SECOND-AMENDED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C Sections 1983 and 1988, and the United States Constitution. This action is against TIMOTHY WILHELM, CHRIS PETERS, JESUS AVINA, MICHAEL CLARK, and THOMAS BOHANON, police officers for the Santa Rosa Police Department, and against JOSEPH HORSMAN, CHARLES BLOUNT, Deputy Sheriffs for the Sonoma County Sheriff's Department, and unknown DOE defendants,

1

employed by the City of Santa Rosa Police Department and County of Sonoma Sheriff's Department. These claims arise from the unjustified physical attack endured by Plaintiff, MARLON WHITMORE, while he was suffering from a mental disturbance and trying to get home.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in Sonoma County which is within this judicial district.

## PARTIES

3. At all times relevant to this complaint, Plaintiff MARLON WHITMORE (hereinafter "Plaintiff") was and is a resident of California and a United States Citizen.

4. At all times mentioned herein TIMOTHY WILHELM ("WILHELM" herein) was employed as a police officer for the City of Santa Rosa. He is being sued in his individual capacity.

5. At all times mentioned herein CHRIS PETERS ("PETERS" herein) was employed as a police officer for the City of Santa Rosa. He is being sued in his individual capacity.

6. At all times mentioned herein JESUS AVINA ("AVINA" herein) was employed as a police officer for the City of Santa Rosa. He is being sued in his individual capacity.

7. At all times mentioned herein THOMAS BOHANON ("BOHANON" herein) was employed as a police officer for the City of Santa Rosa. He is being sued in his individual capacity.

8. At all times mentioned herein MICHAEL CLARK ("CLARK" herein) was employed as a Police Sergeant for the City of Santa Rosa. He is being sued in his individual capacity.

9. At all times mentioned herein JOSEPH HORSMAN ("HORSMAN" herein) was employed as a Deputy Sheriff for the County of Sonoma. He is being sued in his individual

capacity.

10. At all times mentioned herein CHARLES BLOUNT ("BLOUNT" herein) was employed as a Deputy Sheriff for the County of Sonoma. He is being sued in his individual capacity.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant is employed by the City of Santa Rosa Police Department and/or the County of Sonoma Sheriff's Department. Plaintiff is informed and believes and thereon alleges that each Defendant so named caused or contributed to Plaintiff being brutally beaten, unlawfully searched and seized. Thereby, each Defendant DOE so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this complaint to allege their true names and capacities when ascertained subject to further discovery.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. In doing the acts and/or omissions alleged herein, the Defendants exceeded the authority vested in them as police officers under the United States and California Constitutions and as law enforcement agents.

14. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## FACTS

15. On March 30, 2011, at 1:30 a.m., Plaintiff MARLON WHITMORE, who was then seventeen years old, was reported missing by his grandparents Kathy and John Jones. The Jones' are Plaintiff's legal guardians. Plaintiff's grandparents reported to the Santa Rosa Police Department that Plaintiff had not returned home from Elsie Island High School. The Jones'

informed the Santa Rosa Police Department that Plaintiff was particularly at risk because he was suffering from a mental disability.

16. At approximately 4:00 a.m., Plaintiff was confused, disoriented and wanted to go home. Plaintiff's phone was not working and he went to use the phone at a friend's house near his school. Plaintiff knocked on the wrong door, which caused the neighbors to report him to the Santa Rosa Police Department.

17. At approximately 5:30 a.m., Defendant Officers TIMOTHY WILHELM and CHRIS PETERS were the first officers to approach Plaintiff WHITMORE on the 2200 block of Burgess Street. The Defendant Officers asked Plaintiff for his identification.

18. During their encounter with Plaintiff, all involved Defendants Officers knew that there was a report of an at-risk missing youth fitting Plaintiff WHITMORE's description. Plaintiff asked Defendants WILHELM and PETERS to take him home but they ignored his requests. Instead the Defendant Officers began assaulting and beating Plaintiff without legal justification. Defendant PETERS struck Plaintiff with his baton and sprayed him with pepper spray.

19. Defendants AVINA and BOHANON also arrived on the scene and joined in on the unjustified and illegal beating of Plaintiff WHITMORE. Defendant AVINA kicked Plaintiff in the stomach. During the beating, Defendant COUNTY OF SONOMA Sheriff's Deputies, including Defendants JOSEPH HORSMAN, who initially placed the call that a minor who was suffering from psychiatric issues fitting Plaintiff's descriptions was missing, and Defendant Deputy BLOUNT and Sgt. CLARK arrived on the scene and actively participated in the beating of Plaintiff WHITMORE.

20. Defendant WILHELM and other Defendant Officers tased Plaintiff WHITMORE multiple times. Plaintiff begged the Defendant Officers and Deputies to stop assaulting him and told them that he was complying. One or more of the Defendant Officers/Deputies drug Plaintiff on his face on the street. At least eight Defendant Officers/Deputies participated in the attack on Plaintiff before hog-tying him and leaving him on the street writhing in pain.

21. By the time Plaintiff WHITMORE was transported to Kaiser Hospital in Santa Rosa he was in kidney failure, from the merciless beating he suffered at the hands of the Defendant Officers and Deputies. Plaintiff had no history of prior kidney problems.

22. Santa Rosa Police Department never notified the Jones' that their missing grandson had been located, or even that he had been taken to the hospital. The Jones' learned that Plaintiff was in the hospital after inquiring at the school, where they noticed yellow police tape.

23. Plaintiff was sedated for two days and remained in kidney failure for three weeks after his kidneys shut down from the vicious and inhumane beating. Plaintiff was placed on dialysis to save his life. Plaintiff underwent two surgeries to relieve the pressure from fluid buildup in his arms from the injuries he endured during his attack by the Defendant Officers/Deputies. In addition, Plaintiff had lacerations on his face from being dragged on the street by the Defendant Officers and Deputies.

24. Defendant Officers and Deputies used excessive force against Plaintiff.

## DAMAGES

27. As a proximate result of Defendants' conduct, Plaintiff suffered substantial physical and emotional injuries. As a further proximate result of Defendants' conduct, Plaintiff incurred damages caused by the brutal beating. Plaintiff suffered severe and extreme emotional

distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

28. The conduct of defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against defendants.

## CAUSES OF ACTION

### **FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
(Plaintiff Against all Defendants)

29. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. In doing the acts complained of herein, Defendant DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right to be free from the use of excessive force, which is guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

31. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Dated: September 19, 2013					**THE LAW OFFICES OF JOHN L. BURRIS**

*/s Benjamin Nisenbaum*
Benjamin Nisenbaum, Esq.,
Attorney for Plaintiff