UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON WHITMORE,

    Plaintiff,

    v.

TIMOTHY WILHELM, et al.,

    Defendants.

_____/

No. C 13-1408 PJH

**ORDER RE CROSS-MOTION FILED BY DEFENDANTS BLOUNT AND HORSMAN AND PLAINTIFF'S MOTION TO STRIKE**

On August 21, 2014, the court ordered defendants Blount and Horsman to show cause as to why their late-filed cross-motion for summary judgment should not be stricken as untimely. Defendants filed their response on August 22, 2014, admitting that the motion "appears to conflict" with the court's scheduling order, but requesting that the court exercise its discretion and consider the motion, even though no reason for the late filing was offered. In the alternative, defendants asked that the court consider the legal argument contained in the cross-motion as part of defendants' opposition to plaintiff's motion for summary judgment.

Notwithstanding defendants' failure to show good cause for their tardiness and plaintiff's objection to the untimely filing, because their opposition brief was well under the 25-page limit set by Civil Local Rule 7-3(a), and because inclusion of the cross-motion would still not exceed the page limit, the court will consider defendants' late-filed cross-motion as part of their opposition brief. Plaintiff therefore need not file a separate response to defendants' cross-motion, and can address, in his reply brief, the arguments raised in both defendants' opposition brief and their cross-motion. Defendants may not file a reply brief.

On August 25, 2014, plaintiff filed a motion to strike portions of defendants Blount

and Horsman's brief in opposition to plaintiff's motion for summary judgment. Plaintiff's objections to defendants' brief should have been contained in his reply brief as required by Civil L.R. 7-3(d). Moreover it is not clear when plaintiff expects the motion to strike to be heard. There is no noticed hearing date on the docket at No. 63, but the briefing schedule noted therein calls for a reply brief to be filed by September 15, 2014, which would make the hearing date October 1, 2014. The motion itself, however, reflects a hearing date of September 10, 2014, a date too soon for a motion filed on August 25, 2014. It also appears that the same objections contained in the motion to strike are also raised in a motion for Rule 11 sanctions which plaintiff has served on defendants, but not yet filed.

The court also takes this opportunity to note that on August 20, 2014, all defendants filed an opposition to plaintiff's motion for summary judgment accompanied by a separate document containing their objections to evidence relied upon by plaintiff. The objections contained in this separate filing should have been part of their opposition brief as required by Civil L.R. 7-3(a).

Counsel for all parties are hereby ORDERED to re-familiarize themselves with the Local Rules of this court. All future filings made in violation of these rules will be stricken by the court. The September 10, 2014 hearing on the two pending motions for summary judgment will proceed as scheduled. Plaintiff's motion to strike will be decided on the papers after it is fully briefed, unless the court determines that a hearing is necessary.

**IT IS SO ORDERED.**

Dated: August 26, 2014

PHYLLIS J. HAMILTON
United States District Judge