UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON WHITMORE,                    )
                                    )
            PLAINTIFF,              )    NO. C-13-1408 PJH
                                    )
  VS.                               )    WEDNESDAY, OCTOBER 15, 2014
                                    )
CITY OF SANTA ROSA, ET AL., )            OAKLAND, CALIFORNIA
                                    )
            DEFENDANTS.             )    EVIDENTIARY MOTION
_____)


**BEFORE THE HONORABLE PHYLLIS J. HAMILTON, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**              LAW OFFICE OF JOHN L. BURRIS
                               7677 OAKPORT STREET, SUITE 1120
                               OAKLAND, CALIFORNIA 94621
                        BY:    BENJAMIN NISENBAUM, ESQUIRE


**FOR DEFENDANT:**             GEARY, SHEA, O'DONNELL,
                               GRATTAN & MITCHELL, P.C.
                               37 OLD COURTHOUSE SQUARE, 4TH FLOOR
                               SANTA ROSA, CALIFORNIA 95404
                        BY:    ROBERT W. HENKELS, ESQUIRE


**REPORTED BY:**               DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                               OFFICIAL COURT REPORTER

        TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

<u>WEDNESDAY, OCTOBER 15, 2014</u>                                    <u>9:00 A.M.</u>

P R O C E E D I N G S

    **THE CLERK:**  CALLING CIVIL CASE NUMBER 13-1408

WHITMORE VERSUS CITY OF SANTA ROSA.

  APPEARANCES.

    **MR. NISENBAUM:**  GOOD MORNING, YOUR HONOR.  BEN

NISENBAUM FOR PLAINTIFF.

    **THE COURT:**  GOOD MORNING.

    **MR. HENKELS:**  GOOD MORNING, YOUR HONOR.  ROBERT

HENKELS ON BEHALF OF DEFENDANTS BLOUNT AND HORSMAN.

    **THE COURT:**  ALL RIGHT, GOOD MORNING.

  EVEN THOUGH I ALREADY RULED ON THE MOTION FOR SUMMARY

JUDGMENT, I DIDN'T RELY ON ANY OF THE JUVENILE RECORDS.

  I STILL THINK IT'S IMPORTANT TO RESOLVE THIS DISPUTE SO

THAT YOU KNOW WHAT I'M GOING TO PERMIT AT TRIAL AND WHAT I'M

NOT GOING TO PERMIT AT TRIAL.

  AND, FRANKLY, I ASKED FOR YOU ALL TO COME IN FOR A HEARING

BECAUSE I DON'T UNDERSTAND THE ISSUE.  I DON'T UNDERSTAND YOUR

ARGUMENTS.  YOUR BRIEFS ARE SORT OF ALL OVER THE PLACE.  I'M

NOT SURE YOU ARE ARGUING ABOUT THE SAME THING.  I'M NOT

SATISFIED WITH EITHER SIDES' ARGUMENT AS TO WHETHER OR NOT THE

JUVENILE RECORDS ARE OR ARE NOT ADMISSIBLE.  I'M NOT EVEN SURE

WHAT RECORDS WERE WE'RE TALKING ABOUT.

  I HAVE MY OWN OPINION AS TO HOW THEY COULD BE USED IN A

LIMITED FASHION, BUT I'M NOT SURE I UNDERSTAND WHAT EACH

1    SIDES' POSITION IS.  SO, I DECIDED TO HAVE YOU IN AND YOU CAN

2    EXPLAIN HOPEFULLY BETTER THAN YOU DID IN YOUR PAPERS WHY I

3    SHOULD PERMIT THE RECORDS IN OR WHY I SHOULD NOT PERMIT THE

4    RECORDS IN.

5         NOW, THIS IS ON A MOTION TO STRIKE.  AND THE MOTION IS

6    DIRECTED TOWARDS THE SUMMARY JUDGMENT PAPERS WHICH REFER TO

7    THEM.  I'M GOING TO TREAT IT MORE LIKE AN EVIDENTIARY MOTION

8    SINCE I HAVE ALREADY RESOLVED THE SUMMARY JUDGMENT MOTION.

9         ALL RIGHT?

10             **MR. NISENBAUM:**  THANK YOU, YOUR HONOR.

11             **THE COURT:**  OKAY.

12             **MR. NISENBAUM:**  IT MAY NOT HAVE BEEN CLEAR IN MY

13   BRIEF, ESSENTIALLY, AS I SEE IT, WHAT THE DEFENDANTS ARE

14   TRYING TO SIDESTEP AROUND WELFARE AND INSTITUTION CODE SECTION

15   791(C).  THAT'S HOW I SEE IT.  SECTION 791(C) STATES VERY

16   DIRECTLY THAT AN ADMISSION UNDER 790, AS LONG AS THE -- AS

17   LONG AS THE DEFERRED ENTRY WAS COMPLETED SUCCESSFULLY, SHALL

18   NOT CONSTITUTE A FINDING FOR ANY PURPOSE THAT ANYTHING WAS

19   SUSTAINED.

20        AND SO IF YOU'RE GOING TO USE AN ADMISSION, IF YOU'RE

21   GOING TO SAY, WELL -- IT SEEMS TO ME THAT IT'S TORTURING THE

22   ENGLISH LANGUAGE TO SAY THAT WE'RE NOT USING IT TO SAY THAT IT

23   WAS SUSTAINED, WE ARE USING IT TO SAY THAT HE DID WHAT -- THAT

24   HE ADMITTED TO DOING WHAT HE WAS ACCUSED OF DOING.  AND

25   THAT'S -- THAT JUST SEEMS TO BE THE EXACT OPPOSITE OF HOW IT

1    CAN BE USED, THAT SECTION 791(C).

2          **THE COURT:**  OKAY.  791(C) SAYS THAT THE ADMISSION

3    CONTAINED IN THE PETITION SHALL NOT CONSTITUTE A FINDING THAT

4    THE PETITION HAS BEEN SUSTAINED.

5          **MR. NISENBAUM:**  CORRECT.

6          **THE COURT:**  FOR ANY PURPOSE.  THAT'S AKIN TO SAYING

7    THE ADMISSION SHALL NOT CONSTITUTE A FINDING OF CONVICTION IF

8    WE WERE TALKING ABOUT AN ADULT UNLESS A JUDGMENT HAS BEEN

9    ENTERED.

10          **MR. NISENBAUM:**  RIGHT.

11          **THE COURT:**  I ASSUME NO JUDGMENT HAS BEEN ENTERED.

12          **MR. NISENBAUM:**  CORRECT.

13          **THE COURT:**  OKAY.  SO THE ADMISSION OF THE CHARGES,

14    AND THAT IS THE VIOLATIONS OF THE PENAL CODE, WILL NOT BE --

15    SHALL NOT CONSTITUTE A FINDING THAT HE'S BEEN CONVICTED OF

16    THOSE CHARGES.  ESSENTIALLY THAT'S WHAT IT SAYS.

17          **MR. NISENBAUM:**  CORRECT.  CORRECT.  WELL, THAT HE'S

18    BEEN -- BUT FOR ANY PURPOSE.  SO THAT -- I MEAN, IT'S CLEAR

19    THAT -- TO ME, I THINK ONE OF THE CONFUSIONS HERE IS PROBABLY

20    THE WAY THE STATUTE IS WRITTEN.  BECAUSE IF YOU READ IT AS A

21    WHOLE, IT SEEMS TO CLEARLY -- THAT'S WHY IT'S SET OUT THE WAY

22    IT IS SET OUT IN THE BRIEF.

23      BUT IF YOU LOOK AT THE STATUTE AS A WHOLE, SO IF THE

24    ADMISSION CANNOT SUSTAIN A -- CANNOT BE USED TO SAY THAT A

25    FINDING HAS BEEN SUSTAINED FOR ANY PURPOSE, THEN WHAT IS THE

1    ADMISSION BEING USED FOR?  IT'S BEING USED TO SAY THAT HE

2    ADMITTED TO IT, SO HE DID IT.  RIGHT?  AND THAT'S THE ONLY

3    REASON WHY THE ADMISSION WOULD BE RELEVANT IS AN

4    ACKNOWLEDGMENT THAT HE HAD COMMITTED WHAT THE ALLEGATION WAS

5    AGAINST HIM.

6           **THE COURT:**  BUT THE STATUTE DOESN'T -- EITHER THIS

7    SECTION 791 NOR 793 SPECIFICALLY SAY WHAT YOU ARGUE.  AND THAT

8    IS THAT THE ADMISSION IS NOT ADMISSIBLE IN ANY COURT FOR ANY

9    PURPOSE.  THERE'S AN ABSENCE OF ANY FEDERAL AUTHORITY CITED IN

10   THE FEDERAL RULES OF EVIDENCE AND PROCEDURE WOULD APPLY HERE.

11   THERE'S NOTHING IN THE STATUTE THAT -- SO YOU HAVE A TWO-FOLD

12   PROBLEM, MR. NISENBAUM.

13      ONE IS, THERE'S NOTHING IN THE STATUTE THAT SAYS THAT

14   ANYTHING THAT THE JUVENILE SAID CANNOT BE USED IN ANY OTHER

15   PROCEEDING AND THERE'S NOTHING -- AND YOU'VE CITED NO

16   AUTHORITY THAT SAYS FURTHER THAT ANYTHING HE SAID CANNOT BE

17   USED IN A FEDERAL PROCEEDING.

18          **MR. NISENBAUM:**  I UNDERSTAND THAT.  AND I WASN'T ABLE

19   TO FIND AUTHORITY THAT SAID THAT DIRECTLY.  BUT I THINK THAT

20   IF YOU LOOK AT THE STATUTE AS A WHOLE, IF YOU LOOK AT SECTION

21   790 THROUGH SECTION 793, IT SEEMS PRETTY CLEAR THAT THEY

22   ENCOMPASS BOTH KIND OF THE TAIL END OF IT, WHICH IS WHAT I SEE

23   AS 791(C), THAT ASSUMING THAT HE COMPLETES THE PROGRAM,

24   JUDGMENT IS NOT ENTERED.  THEN THE ADMISSION CANNOT -- IT

25   SPECIFICALLY DOES NOT CONSTITUTE A FINDING THAT IT HAS BEEN

1    SUSTAINED.  WHEN YOU LOOK AT --

2          **THE COURT:**  WELL, THERE COULD BE NO AFFIRMATIVE

3    EVIDENCE THAT HE HAS BEEN ADJUDICATED GUILTY OF THESE CHARGES.

4       THERE'S CERTAINLY -- THE DEFENDANT COULD NOT COME INTO A

5    CIVIL PROCEEDING AND ARGUE THAT THE MINOR WAS ADJUDICATED A

6    JUVENILE DELINQUENT HAVING COMMITTED VIOLATIONS OF THE PENAL

7    CODE.

8          **MR. NISENBAUM:**  BUT WHAT I'M SAYING, THOUGH, IS A

9    LITTLE BIT -- IS THAT YOU HAVE TO READ THAT TOGETHER WITH -- I

10   BELIEVE IT'S SECTION 790 -- 793(C), WHICH IS -- WHICH

11   DESCRIBES THE RECORDS AND HOW THE RECORDS CAN BE USED, AND

12   THAT THE PROSECUTING ATTORNEY AND THE PROBATION DEPARTMENT

13   ONLY WILL HAVE ACCESS TO THE RECORDS FOR THE LIMITED PURPOSE

14   OF DETERMINING WHETHER HE'S ELIGIBLE FOR DEFERRED ENTRY OF

15   JUDGMENT PURSUANT TO SECTION 790.

16      SO WHEN YOU PUT THOSE TOGETHER, IT SEEMS TO ME THAT THAT

17   REMOVES COMPLETELY, UNLESS THERE'S ONE PURPOSE, AND THE ONE

18   PURPOSE BEING FOR FUTURE DEFERRED ENTRY ELIGIBILITY.

19      I DON'T THINK -- WHAT I'M SAYING IS YOU HAVE TO READ THEM

20   IN CONJUNCTION WITH EACH OTHER.  AND WHEN YOU DO THAT, IT

21   SEEMS VERY CLEAR THAT YOU CAN'T USE THE RECORDS IN THE WAY

22   THAT THE DEFENDANTS ARE TRYING TO USE THEM.

23         **THE COURT:**  OKAY.  BUT YOU FOUND NO AUTHORITY THAT

24   SAID THAT THIS SECTION APPLIES IN A FEDERAL PROCEEDING.

25         **MR. NISENBAUM:**  I THINK -- WELL, I DIDN'T FIND ANY

1    AUTHORITY THAT HAD ADDRESSED THE ISSUE.  I DIDN'T FIND IT ONE

2    WAY OR THE OTHER THAT IT DID OR IT DID NOT.

3         **THE COURT:**  ALL RIGHT.  THAT'S THE QUESTION.  NEITHER

4    SIDE HAS CITED ANY AUTHORITY FOR THE POSITION TAKEN.

5      IT'S YOUR MOTION, THOUGH, SO YOU HAVE TO PERSUADE ME THAT

6    FEDERAL -- THE FEDERAL COURT DOES NOT -- IS PRECLUDED BY

7    VIRTUE OF THE STATE LAW.

8         **MR. NISENBAUM:**  WELL, I THINK THAT GOES TO -- AT THE

9    END OF THE DAY, THAT GOES TO EXACTLY HOW THE ADMISSIONS WERE

10   MADE.  AND THE MINOR IS TOLD, HE'S SPECIFICALLY TOLD THAT THE

11   ONLY WAY THAT THIS CAN BE USED, ASSUMING YOU COMPLETE THE

12   PROGRAM, ASSUMING YOU COMPLETE THE PROGRAM, IT CAN'T BE USED

13   FOR ANY OTHER PURPOSE.

14        **THE COURT:**  OKAY.  HE'S TOLD THAT BY A STATE JUDGE --

15        **MR. NISENBAUM:**  RIGHT.

16        **THE COURT:**  -- BASED UPON STATE LAW, AND THAT IS

17   PROBABLY APPLICABLE TO STATE AUTHORITIES.  IS IT APPLICABLE TO

18   THE FEDERAL COURT?  CAN A STATE JUDGE TELL THE FEDERAL JUDGE

19   THAT YOU CAN'T CONSIDER --

20        **MR. NISENBAUM:**  I THINK YOU THEN HAVE TO LOOK TO WHAT

21   IS THE -- I WOULD SAY THAT IF -- YOU HAVE TO LOOK AT IT AS A

22   WHOLE ALMOST EQUITABLY, AND LOOK AT IT -- AND AT THE END OF

23   THE DAY, IT'S DIFFERENT ULTIMATELY THAN SOMETHING LIKE A NO

24   CONTEST PLEA, A STANDARD ADULT-TYPE DIVERSION, AND IT IS

25   WRITTEN DIFFERENTLY.  IT IS DIFFERENT.

1    AND SO INTERESTINGLY, IF IT WERE A NO CONTEST PLEA, IT

2  WOULD NOT BE ADMISSIBLE.  SO -- UNLESS THERE WERE RELATED TO

3  SOME HECK ISSUE OR SOMETHING.

4    SO, AGAIN, I THINK YOU HAVE TO GO BACK AND LOOK AT IT AS A

5  WHOLE, AND WHAT IS THE -- IF THE STATE COURT -- IF THE

6  ADMISSIONS ARE ELICITED IN SUCH A MANNER WHERE THE MINOR IS

7  TOLD THAT IT CANNOT BE USED IN ANY PARTICULAR WAY EXCEPT FOR

8  THE ONE PARTICULAR WAY THAT'S STATED, THEN THAT SEEMS TO ME

9  THAT THAT IS PART OF THE SUBSTANCE OF HOW THE ADMISSIONS WERE

10  GAINED, AND THAT OUGHT TO GOVERN HOW THEY'RE USED.

11    **THE COURT:**  LET ME ASK YOU ANOTHER QUESTION; PUT IT A

12  DIFFERENT WAY.

13    **MR. NISENBAUM:**  SURE.

14    **THE COURT:**  LOOKING AT THE TRANSCRIPT OF THE PLEA

15  COLLOQUY BETWEEN -- THE ADMISSION COLLOQUY BETWEEN THE JUDGE

16  AND THE DEFENDANT, HE WAS ASKED SPECIFIC QUESTIONS AND HE GAVE

17  SPECIFIC ANSWERS.

18    IS IT YOUR POSITION THAT HE COULD COME INTO THIS COURT AND

19  TESTIFY CONTRARY TO THE ANSWERS HE GAVE IN THE JUVENILE COURT

20  AND THE JUVENILE COURT RECORDS COULD NOT BE USED TO IMPEACH

21  HIM OR THE TRANSCRIPT ITSELF, IRRESPECTIVE OF THE CHARGES?

22    **MR. NISENBAUM:**  I THINK THAT NOW WE ARE DELVING INTO

23  A DIFFERENT REALM.  AND THAT REALM IS -- OBVIOUSLY HE MAKES

24  ADMISSIONS IN JUVENILE COURT.  YOU KNOW, THEY ARE NOT -- WHEN

25  HE TESTIFIES, HE'S GOING TO TESTIFY ABOUT THE FACTS THAT

1   OCCURRED ABOUT X, Y OR Z THAT OCCURRED.  HE'S NOT GOING TO

2   TESTIFY THAT -- AS TO ANY LEGAL CONCLUSIONS.

3           **THE COURT:**  SURE.

4           **MR. NISENBAUM:**  THAT'S ULTIMATELY WHAT HE'S BEING

5   ASKED ABOUT, THOUGH, ARE LEGAL CONCLUSIONS.  YOU ADMIT THAT

6   YOU -- THAT YOU COMMITTED A BATTERY, FOR EXAMPLE.

7           **THE COURT:**  NO.  HE'S ASKED:

8           "DID YOU UNLAWFULLY USE FORCE AND VIOLENCE AND

9           INFLICT AN INJURY UPON A PERSON OF OFFICER PETERS?"

10          **MR. NISENBAUM:**  RIGHT.

11          **THE COURT:**  THAT'S A FACT.  ARE YOU SAYING HE CAN

12  COME IN HERE AND SAY, NO, I DID NOT INFLICT INJURY ON OFFICER

13  PETERS AND THEN HE COULDN'T BE IMPEACHED WITH PRIOR RECORDED

14  TESTIMONY?

15          **MR. NISENBAUM:**  WELL, WE HAVEN'T ARGUED THAT.

16          **THE COURT:**  I'M ASKING.

17          **MR. NISENBAUM:**  I UNDERSTAND.

18          **THE COURT:**  THIS IS AN EVIDENTIARY ISSUE.  I'M ASKING

19  WHAT YOUR POSITION IS.

20          **MR. NISENBAUM:**  MY POSITION IS THAT THAT'S NOT A

21  SITUATION THAT I SEE ARISING.  THE QUESTION -- THE DEFENSE

22  MIGHT ASK HIM THAT QUESTION.  I THINK IT WOULD BE

23  OBJECTIONABLE BECAUSE IT CALLS FOR A LEGAL CONCLUSION.  HOW

24  DOES HE KNOW WHAT IS LAWFUL FORCE AND WHAT IS NOT LAWFUL

25  FORCE, FOR EXAMPLE.

1          **THE COURT:**  HE COULDN'T BE ASKED IF HE INFLICTED

2     INJURY ON OFFICER PETERS?

3          **MR. NISENBAUM:**  I DON'T THINK THAT THERE'S ANY DENIAL

4     ABOUT THAT.  WE ACKNOWLEDGE THAT -- THAT --

5          **THE COURT:**  OKAY.  SO YOUR ANSWER IS, YES, HE COULD

6     BE ASKED THAT QUESTION.

7          **MR. NISENBAUM:**  I BELIEVE THAT THE ANSWER IS YES, BUT

8     NOT AS TO THE QUESTION OF THE LEGAL CONCLUSION PART OF IT.

9          **THE COURT:**  OKAY.  OKAY.

10          **MR. NISENBAUM:**  SO --

11          **THE COURT:**  ALL RIGHT.

12          **MR. NISENBAUM:**  THAT'S --

13          **THE COURT:**  IS THERE ANYTHING ELSE?

14          **MR. NISENBAUM:**  I FEEL LIKE I'VE SET OUT WHAT I COULD

15     FIND IN MY BRIEF WHICH COVERS, WHEN READ AS A WHOLE, COVERS

16     WHY THE ADMISSIONS CANNOT BE USED IN THE WAY THAT THEY ARE

17     TRYING TO BE USED.

18          **THE COURT:**  OKAY.  I'M STILL NOT PERSUADED AND YOU

19     HAVE NOT PROVIDED ANY AUTHORITY ONE WAY OR THE OTHER.  I'VE

20     READ THE STATUTE, AND IT'S NOT CLEAR TO ME.  THAT'S WHERE I

21     AM.

22       WHAT DO YOU HAVE TO SAY ABOUT THIS?

23          **MR. HENKELS:**  THANK YOU, YOUR HONOR.

24       AND, FIRST, I WOULD LIKE TO APOLOGIZE FOR THE -- IF OUR

25     BRIEFING WAS UNCLEAR.  I THINK IT'S TO SOME DEGREE, IT IS KIND

1    OF A CONFUSING PROCEDURAL PLACE WE ARE IN WITH RESPECT TO

2    RESPONDING TO THE MOTION TO STRIKE.

3        BUT I THINK WITH RESPECT TO THE POSITION WE HAVE TAKEN IN

4    OUR OPPOSITION TO THE MOTION TO STRIKE IS TO DEFEND OUR USE OF

5    THE ADMISSIONS --

6            **THE COURT:**  WHAT IS IT THAT YOU THINK THAT YOU ARE

7    ENTITLED TO USE?  WHAT SPECIFICALLY?

8            **MR. HENKELS:**  HIS ADMISSIONS WITH RESPECT TO WHAT

9    YOUR HONOR JUST REFERENCED PREVIOUSLY, WHICH IS THE --

10           **THE COURT:**  CONTAINED IN THE TRANSCRIPT?

11           **MR. HENKELS:**  CONTAINED IN THE TRANSCRIPT.

12           **THE COURT:**  ALL RIGHT.  NOT THE JUVENILE RECORDS.

13           **MR. HENKELS:**  NOT THE -- THE TRANSCRIPT AND HIS

14   ADMISSIONS WHICH WE HAVE ATTACHED AS EXHIBIT C.

15           **THE COURT:**  AND YOU THINK YOU OUGHT TO BE ABLE TO

16   INTRODUCE THIS DOCUMENT THAT CONTAINS THESE ADMISSIONS?

17           **MR. HENKELS:**  I THINK THAT WE MAY BE ABLE TO RAISE

18   THE FACT THAT THIS OCCURRED IN TRIAL, WHETHER ON

19   CROSS-EXAMINATION OR AGAINST EITHER THE PLAINTIFF HIMSELF OR

20   AGAINST PLAINTIFF'S EXPERT IF HE CHOOSES TO TESTIFY WITH

21   RESPECT TO WHAT OCCURRED THE NIGHT OF THE ARREST.

22           **THE COURT:**  AND TELL ME WHY IT IS YOU THINK THAT

23   YOU -- I LOOK AT THESE AS VERY DIFFERENT.  THE SET OF

24   ADMISSIONS IS CLEARLY A JUVENILE RECORD.  THE TRANSCRIPT

25   CONTAINS ORAL ADMISSIONS UNDER OATH GIVEN BY THE PLAINTIFF.

1    THEY ARE TREATED DIFFERENTLY UNDER THE FEDERAL RULES OF

2    EVIDENCE.  TELL ME, STARTING FIRST WITH THE SET OF WRITTEN

3    ADMISSIONS, WHY THAT JUVENILE RECORD IS ADMISSIBLE AND HOW 791

4    AND 793 DON'T BAR ITS ADMISSION.

5         **MR. HENKELS:**  SO WITH RESPECT TO THE ADMISSIONS

6    THEMSELVES, YOUR HONOR, THE FILED -- THE WRITTEN ONES, WHICH

7    ARE EXHIBIT C, THERE, AGAIN, THEY'RE NOT ADMISSIBLE AS A

8    JUVENILE CONVICTION.  THEY ARE NOT ADMISSIBLE AS A PLEA OR ANY

9    KIND OF FINDING THAT HE DID COMMIT THE CRIMES HE ADMITS IN

10   THAT DOCUMENT, WHICH HE SIGNS SAYING I DID THE THINGS THAT

11   THEY ALLEGE THAT I DID.  BUT THEY ARE ADMISSIBLE AS DIRECT

12   EVIDENCE IN A MATTER THAT IS IN ISSUE IN THIS CASE.

13   THIS ENTIRE CASE CONCERNS WHETHER OR NOT THE DEFENDANT'S

14   CONDUCT, THE USE OF FORCE -- NOBODY DENIES THAT FORCE WAS

15   APPLIED.  THE QUESTION IS WHETHER OR NOT THE FORCE THAT HE

16   USED WAS REASONABLE UNDER THE CIRCUMSTANCES.

17   ONE OF THE ISSUES OF CONTENTION, THEREFORE, IS THE DEGREE

18   OF RESISTANCE THAT THE PLAINTIFF GAVE TO THE OFFICERS.  THIS

19   DOCUMENT RIGHT HERE IS AN ADMISSION -- BOTH THE TRANSCRIPT AND

20   THIS DOCUMENT CONSTITUTE ADMISSIONS THAT THE PLAINTIFF, IN

21   FACT, VIOLENTLY USED FORCE AGAINST THESE OFFICERS CAUSING THEM

22   INJURY.

23        **THE COURT:**  I'M SORRY, THERE AREN'T ANY FACTS

24   CONTAINED IN THE SET OF ADMISSIONS.  THE ADMISSIONS SIMPLY

25   ADMIT THAT CERTAIN VIOLATIONS OF CALIFORNIA PENAL CODE WERE

1    COMMITTED BY THIS JUVENILE.

2    **MR. HENKELS:** RIGHT, WHICH IS SET FORTH IN THE -- IN

3    DETAIL IN THE PETITION ITSELF WITH ATTACHMENTS. COUNT ONE IS

4    THAT MARLON WHITMORE, ON OR ABOUT MARCH 31ST, 2011, DID

5    UNLAWFULLY USE FORCE AND VIOLENCE AND INFLICT INJURY UPON THE

6    PERSON OF OFFICER PETERS WHEN HE KNEW OR REASONABLY SHOULD

7    HAVE KNOWN THAT OFFICER PETERS WAS A PEACE OFFICER THERE AND

8    THEN ENGAGED IN THE PERFORMANCE OF HIS DUTY.

9    THAT IS AN ADMISSION OF THAT COUNT. HE ADMITS THE FACTUAL

10    BASES OF THAT COUNT. SINCE THE ENTIRE ISSUE OF THIS CASE IS

11    THE REASONABLENESS OF THE USE OF FORCE, THAT'S DIRECT EVIDENCE

12    THAT HE USED VIOLENCE AGAINST OFFICER PETERS.

13    **THE COURT:** HOW DO THOSE TWO WELFARE AND INSTITUTION

14    CODE SECTIONS THAT PLAINTIFF'S COUNSEL RELIES ON, HOW DO THEY

15    IMPACT THE ADMISSIBILITY OF THE ADMISSIONS?

16    **MR. HENKELS:** WELL, YOUR HONOR, I THINK WHEN YOU WERE

17    DISCUSSING IT BEFORE, I THINK THAT YOUR QUESTIONS WERE CORRECT

18    AND WERE ACCURATE. THERE'S NOWHERE IN HERE, IN ANY OF THE

19    STATUTES, IN THE STATE STATUTES, NOWHERE DOES IT SAY THAT THE

20    ADMISSION ARE INADMISSIBLE IN COURT.

21    WHAT IT SAYS IS THE -- THE ADMISSIONS CANNOT CONSTITUTE A

22    FINDING THAT HE WAS CONVICTED, WHICH WE ARE NOT ARGUING.

23    WE'RE NOT GOING TO GO TO COURT AND ARGUE THAT YOU HAVE TO FIND

24    IN OUR FAVOR BECAUSE A CRIMINAL COURT ALREADY CONVICTED HIM OF

25    THESE CRIMES. NOWHERE DOES IT SAY THAT THE ADMISSIONS

1    THEMSELVES, HOWEVER, ARE INADMISSIBLE.

2        WHAT IT SAYS IN 793(C) IS THAT THE JUVENILE COURT SHALL BE

3    SEALED, BUT OBVIOUSLY WE HAVE -- WE HAVE AN ORDER FROM THIS

4    COURT ALLOWING US TO USE THOSE DOCUMENTS.

5        AND THE ARREST UPON WHICH THE JUDGMENT WAS DEFERRED SHALL

6    BE DEEMED NEVER TO HAVE OCCURRED.  WELL, CLEARLY, TO THE

7    EXTENT THAT PLAINTIFF WANTS TO ARGUE THAT THIS APPLIES, HOW

8    CAN WE PROCEED WITH THIS TRIAL AT ALL IF WE DEEMED THE ARREST

9    NEVER TO HAVE OCCURRED?  THE ENTIRE TRIAL ITSELF IS ABOUT THIS

10   ARREST.

11       I DON'T THINK 793(C) PROVIDES ANY PROTECTIONS OR

12   LIMITATIONS ON THIS COURT IN USING THESE DOCUMENTS WITH

13   RESPECT TO MATTERS THAT ARE DIRECTLY AT ISSUE IN THIS CASE.

14   WITH RESPECT TO -- SO WITH RESPECT TO 790, WHICH SAYS THAT IT

15   CANNOT BE USED AS A CONVICTION.

16       SO I DON'T THINK THAT THERE'S ANYWHERE IN THE WELFARE AND

17   INSTITUTIONS CODE THAT PRECLUDES USE OF THESE DOCUMENTS OR

18   THESE ADMISSIONS AS DIRECT EVIDENCE IN A CASE WHERE THE

19   MATTERS AT ISSUE CONCERN THE ARREST THAT HE WAS CHARGED WITH.

20       I THINK THAT -- THAT'S TO SAY NOTHING OF THE FACT, OF

21   COURSE, THESE ARE STATE STATUTES AND NOT FEDERAL STATUTES.

22   BUT THE STATE STATUTES THEMSELVES, AGAIN, DON'T MENTION THIS

23   FACT, THEY DON'T MENTION THE ADMISSIONS.  AND, IN FACT, THE

24   REQUIREMENT IS THAT THE -- IN ORDER TO GO THROUGH THIS

25   DEFERRED ENTRY OF JUDGMENT PROGRAM, THAT YOU ADMIT THE CHARGES

AGAINST YOU, AND YOU TAKE RESPONSIBILITY, AND YOU GO THROUGH A
PROBATIONARY PROGRAM, AND YOU PAY RESTITUTION, AND YOU DO
THESE REQUIREMENTS THAT ARE DETAILED UNDER THIS -- UNDER THE
STATUTORY SCHEME, AND THE CASE IS DISMISSED OR DEFERRED.

THE WELFARE -- THE STATE LEGISLATURE COULD HAVE CLEARLY
SAID THE ADMISSIONS THEMSELVES ARE NEVER ADMISSIBLE.  THEY
COULD CLEARLY HAVE SAID THAT THE ADMISSIONS SHOULD BE
DESTROYED.  IT DOESN'T.  IT SAYS THAT IT CAN'T BE USED AS A
CONVICTION, WHICH IS FINE.  IT MAKES SENSE.  AND THAT THE
ARREST IS DEEMED NEVER TO HAVE OCCURRED SO HE DOESN'T HAVE TO
GO THROUGH LIFE SIGNING OFF ON APPLICATIONS FOR EMPLOYMENT OR
WHATNOT SAYING HE WAS CONVICTED OR THAT HE WAS ARRESTED.

BUT FOR THE BASIS OF THIS CASE, WHEN THE VERY BASIS OF
THOSE ADMISSIONS ARE AT ISSUE, THE PLAINTIFF IS NOT ENTITLED
TO COME INTO THIS COURT AND DENY THAT HE EVER -- THAT HE EVER
USED FORCE ON OFFICER PETERS, ON DEPUTY HORSMAN, ON EACH OF
THESE OFFICERS INVOLVED THAT WERE INJURED WHILE TRYING TO
ARREST HIM.

HE CAN'T COME INTO THIS COURT NOW AFTER MAKING THESE
ADMISSIONS AND TAKING PART IN THIS DEFERRED ENTRY OF JUDGMENT
PROGRAM AND TURN AROUND AND SUE THE VICTIMS OF THOSE CRIMES
FOR WHICH HE WAS PROSECUTED, AND ARGUE IN COURT AND SAY, WELL,
I, YOU KNOW, I WAS JUST PASSIVELY RESISTING.  I DIDN'T DO
ANYTHING TO THESE OFFICERS, AND TAKE A POSITION THAT IS
ENTIRELY CONTRADICTORY TO THE BASIS FOR HIS ADMISSIONS.

1    **THE COURT:** IF, INDEED, THE PLAINTIFF TESTIFIES

2    CONSISTENT WITH THESE DOCUMENTS AND ADMITS THAT HE USED SOME

3    FORCE HIMSELF, THAT HE INFLICT SOME INJURY HIMSELF, THEN WHY

4    WOULD THESE DOCUMENTS BE ADMISSIBLE THEN IF THEY ARE

5    CONSISTENT WITH HIS TESTIMONY?

6    **MR. HENKELS:** I THINK, YOUR HONOR, THAT I WOULD AGREE

7    IF HE DOES TESTIFY ENTIRELY CONSISTENTLY WITH THIS AND HE, YOU

8    KNOW, ON DIRECT IS ASKED, DID YOU USE FORCE AND INFLICT INJURY

9    ON OFFICER PETERS, AND HE SAYS, YES, AND HE TESTIFIES

10   CONSISTENTLY WITH THAT, I WOULD AGREE THAT THE DOCUMENTS

11   THEMSELVES MAY HAVE MORE LIMITED EVIDENTIARY VALUE -- HE

12   WOULDN'T BE ESTOPPED AT THAT POINT.

13   **THE COURT:** LOOKING AT THE SUMMARY JUDGMENT PAPERS,

14   THE REASON I FOUND IT TOTALLY UNNECESSARY TO RELY UPON THIS

15   EVIDENCE IS THAT IT DOESN'T MATTER WHETHER OR NOT HE INFLICTED

16   INJURY.  THAT DOESN'T IN ANY WAY DISPROVE HIS CLAIM OR PROVE

17   YOUR CLAIM.

18   THE QUESTION IS WHETHER OR NOT REGARDLESS OF WHAT HE WAS

19   DOING, WHETHER OR NOT THE AMOUNT OF FORCE THE OFFICERS USED IN

20   RESPONSE WAS REASONABLE OR EXCESSIVE.

21   SO, I MEAN, I FRANKLY THINK THIS IS MUCH TO DO ABOUT

22   NOTHING, BUT NOTWITHSTANDING THAT, I UNDERSTAND YOUR GOAL IS

23   TO GET IT INTO YOUR CASE-IN-CHIEF, AND I JUST DON'T SEE THAT

24   EITHER.  NOTWITHSTANDING THE FACT THAT MR. NISENBAUM HASN'T

25   CITED ANY AUTHORITY, YOU HAVEN'T EITHER FOR THIS EVIDENCE TO

BE USED IN YOUR CASE-IN-CHIEF.

**MR. HENKELS:**  WELL, YOUR HONOR, WITH RESPECT TO
THE --

**THE COURT:**  YOU'VE MADE, I THINK, A RELATIVELY STRONG
JUDICIAL ESTOPPEL ARGUMENT.  SOMEONE CAN'T GO INTO ONE COURT,
I DON'T CARE IF IT IS A JUVENILE COURT, AND SAY ONE THING
UNDER OATH AND THEN TO COME INTO THIS COURT AND SAY THE EXACT
OPPOSITE UNDER OATH.  THAT HE MAY NOT DO.

BUT THAT'S NOT REALLY THE SITUATION WE HAVE HERE, IT SEEMS
TO ME.  AND YOU SEEM TO BE TAKING IT BEYOND THE JUDICIAL
ESTOPPEL ARGUMENT WHEN YOU ARGUE THAT THIS SHOULD BE PERMITTED
IN YOUR CASE-IN-CHIEF AS DIRECT EVIDENCE OF HIS CONDUCT.

**MR. HENKELS:**  HIS ADMISSIONS ARE DIRECT EVIDENCE OF
HIS CONDUCT.  HE ADMITS THAT WHAT HE DID THAT NIGHT.  THAT'S
DIRECT EVIDENCE OF WHAT HE DID.

THAT'S THE ISSUES IN DISPUTE AS HIGHLIGHTED BY YOUR
HONOR'S DECISION ON THE MOTION FOR SUMMARY JUDGMENT, THE ISSUE
IS WHAT BOTH PARTIES DID.

I AGREE WITH YOU WITH RESPECT TO HIS CONDUCT, THE ISSUE IS
WHETHER OR NOT DEFENDANT OFFICERS' CONDUCT WAS REASONABLE.
THAT'S THE ISSUE.  THAT'S THE MATTER THAT IS GOING IN TO THE
JURY.  THEY ARE NOT GOING TO BE ASKED, YOU KNOW, WAS PLAINTIFF
REASONABLE.

BUT IN ORDER TO DETERMINE THAT QUESTION, IN ORDER TO SAY,
WELL, WHAT -- YOU KNOW, HOW MUCH FORCE WAS REASONABLE UNDER

1    THESE CIRCUMSTANCES, THEY NEED TO EVALUATE WHAT MARLON

2    WHITMORE WAS DOING.  MARLON WHITMORE TOLD US WHAT HE WAS

3    DOING.  HE ADMITTED THAT HE WAS VIOLENT TOWARDS THESE

4    OFFICERS.  THAT'S DIRECT EVIDENCE.  THAT'S DIRECTLY RELEVANT

5    TO A MATTER AT ISSUE.

6        THE -- WITH RESPECT TO WHETHER OR NOT THERE ARE ANY CASES

7    THAT SAY THAT A JUVENILE ADMISSION UNDER THE WELFARE AND

8    INSTITUTION CODE ARE AFFIRMATIVELY ADMISSIBLE IN FEDERAL

9    COURT, I COULDN'T FIND ANY OF THOSE CASES, YOUR HONOR.

10        **THE COURT:**  DID YOU FIND ANY THAT DETERMINES THAT

11   THEY ARE ADMISSIBLE IN A STATE COURT -- ANY OTHER STATE COURT

12   CIVIL PROCEEDING?

13        **MR. HENKELS:**  I COULD NOT, YOUR HONOR --

14        **THE COURT:**  I CANNOT IMAGINE THIS IS THE FIRST TIME

15   THIS HAS COME UP IN THE STATE OF CALIFORNIA.

16        **MR. HENKELS:**  I WAS SOMEWHAT SURPRISED, TOO, YOUR

17   HONOR.  I SHEPARDIZED THEM AND COULD NOT FIND CASES THAT

18   ADDRESSED THIS ISSUE.

19        IN FEDERAL COURT, THE BURDEN IS ON THE PARTY TRYING TO

20   EXCLUDE THE EVIDENCE.  THE EVIDENCE IS OBVIOUSLY RELEVANT.

21   IT'S RELEVANT TO A MATTER IN ISSUE.  THE BURDEN IS ON THE

22   PARTY EXCLUDING THE EVIDENCE TO KEEP IT OUT.  I THINK UNDER

23   THESE CIRCUMSTANCES THERE ISN'T A BASIS TO EXCLUDE THIS

24   EVIDENCE.  AT LEAST UNDER -- THERE ISN'T A BASIS UNDER ANY OF

25   THE CITED BASES.  410 DOESN'T APPLY.  609 DOESN'T APPLY.

1          **THE COURT:**  WELL, 609, WHICH I JUST PULLED UP, ONLY

2     APPLIES TO EVIDENCE OF A JUVENILE ADJUDICATION.

3          **MR. HENKELS:**  CORRECT, YOUR HONOR.

4          **THE COURT:**  ESSENTIALLY A CONVICTION.

5          **MR. HENKELS:**  AND 410 APPLIES TO NO CONTEST.  BUT,

6     AGAIN, WE DON'T HAVE A NO CONTEST PLEA HERE.

7          AND THE 610 (SIC) IS, MY UNDERSTANDING OF 610, IT'S TO

8     PRECLUDE USE OF A CONVICTION FOR IMPEACHMENT PURPOSES.

9          **THE COURT:**  609.

10         **MR. HENKELS:**  609, MY APOLOGIES, IS TO PRECLUDE USE

11    OF A JUVENILE CONVICTION FOR IMPEACHMENT PURPOSES.  THAT'S NOT

12    THE ISSUE HERE.  HERE IT IS DIRECTLY AT ISSUE --

13         **THE COURT:**  IT'S ONLY ADMISSIBLE IN A CRIMINAL TRIAL,

14    IN ANY EVENT, SO WE DON'T REALLY NEED TO BELABOR IT.

15         **MR. HENKELS:**  RIGHT.

16         SO, SINCE THERE'S NO RULE PRECLUDING IT, IT'S DIRECTLY

17    RELEVANT TO THE MATTERS THAT ARE AT ISSUE.  THEY CONSTITUTE

18    ADMISSIONS.

19         I THINK THAT ABSENT SOME CONTROLLING AUTHORITY, THE

20    ADMISSIONS ARE ADMISSIBLE AS DIRECT EVIDENCE OF WHAT HAPPENED.

21         AS, YOU KNOW, WHEN THE JURY IS TRYING TO FIGURE OUT WHAT

22    HAPPENED ON THAT EARLY MORNING THAT REQUIRED THIS MUCH EFFORT

23    ON THE PART OF THESE POLICE OFFICERS, THAT REQUIRED ONE OF THE

24    OFFICERS TO CALL A CODE 20 EMERGENCY CALL TO CALL ALL OFFICERS

25    ON THE SCENE, WHEN THEY ARE TRYING TO FIGURE OUT WHAT HAPPENED

1    THAT MORNING, THIS IS DIRECT EVIDENCE OF WHAT MARLON WHITMORE

2    SAID HAPPENED THAT MORNING.  I THINK THAT IS DIRECTLY

3    RELEVANT.  THAT'S -- IT'S ADMISSIBLE IN OUR CASE-IN-CHIEF WHEN

4    WE ARE TALKING ABOUT WHAT HAPPENED AND HOW OUR OFFICERS'

5    RESPONSE WAS REASONABLE UNDER THOSE CIRCUMSTANCES.

6         **THE COURT:**  OKAY.  IS THAT IT?

7         **MR. HENKELS:**  YES, YOUR HONOR.

8         **THE COURT:**  RESPONSE?

9         **MR. NISENBAUM:**  THANK YOU.

10    I THINK, AS THE COURT KIND OF PUT IT, THERE'S A CLEAR

11    RELEVANCE ISSUE HERE BECAUSE HE'S NOT -- MR. WHITMORE ISN'T

12    DESCRIBING THE FACTS OF WHAT HE DID IN THE PLEA TRANSCRIPT.

13    HE'S NOT DESCRIBING THAT I WAS IN "X" LOCATION AND AN OFFICER

14    HIT ME WITH A BATON SEVERAL TIMES, AND IN RESPONSE TO THAT, I

15    DID X, Y OR Z.  SO YOU CAN'T DETERMINE FROM THE PLEA

16    ADMISSIONS WHAT THE FACTS -- WHAT THE RELEVANT FACTS ARE THAT

17    ARE DECIDED BY THAT.

18    I WANT TO BE CLEAR, AND I KNOW THE COURT IS CLEAR, WE ARE

19    NOT TAKING A POSITION THAT THIS WAS AN UNLAWFUL ARREST.  WE

20    DON'T HAVE AN ARREST CLAIM HERE.  WE ARE NOT TAKING THAT

21    POSITION.

22    AND -- BUT AS I SAID, WHEN IT COMES TO THE TESTIMONY, I

23    MEAN IT'S NOT GOING TO BE -- AND I KNOW MAYBE THAT THE COURT

24    WAS CONCERNED AT THE SUMMARY JUDGMENT HEARING THAT WE -- I

25    DON'T THINK WE DESCRIBED HIM AS A TOTAL PASSIVE RESISTER AND

1    CERTAINLY WE ARE NOT GOING TO PRESENT HIM AS A PASSIVE

2    RESISTER.  WE WILL PRESENT HIM AS IT OCCURRED, WHICH IS THAT

3    THE POLICE CERTAINLY HAD A RIGHT TO DETAIN HIM.  THEY

4    CERTAINLY HAD A RIGHT TO USE SOME FORCE TO EFFECT THAT

5    DETENTION.  HE DID SOME THINGS THAT HE SHOULDN'T HAVE DONE IN

6    TERMS OF PULLING AWAY, IN TERMS OF KICKING, IN TERMS OF NOT

7    GIVING UP HIS HANDS, THAT TYPE OF THING, BUT THAT THE FORCE,

8    IT WAS, IN SUM, VERY -- JUST TOTALLY EXCESSIVE RELATIVE TO

9    WHAT HE WAS DOING.  IT WAS UNREASONABLE FORCE.  THAT'S THE

10   ARGUMENT.

11        SO I THINK IT WOULD BE MISLEADING TO PRESENT TO A JURY A

12   TRANSCRIPT OF MR. WHITMORE THAT DOESN'T DESCRIBE WHAT THE

13   ACTUAL FACTS OF -- FACTUAL EVENTS OF THE CASE ARE.  RATHER, I

14   MEAN -- SO THAT'S MY VIEW THAT'S MY ARGUMENT, AND I WOULD SAY

15   VERY SUBSTANTIAL WHO 403 ISSUE, I BELIEVE.

16        **THE COURT:**  OKAY.  WELL, THIS IS HOW I'M GOING TO

17   RESOLVE THIS MOTION.

18        FIRST OF ALL, THE MOTION TO STRIKE IS DENIED AS MOOT IN

19   VIEW OF THE SUMMARY JUDGMENT ORDER THAT I ISSUED LAST WEEK.

20        WITH REGARD TO THE PENDING EVIDENTIARY QUESTION, WHICH

21   WILL HAVE TO BE RESOLVED FOR TRIAL, YOU BOTH WIN A LITTLE AND

22   YOU LOSE A LITTLE.

23        WITH REGARD TO THE USE OF THE TRANSCRIPT BASED UPON THE

24   PRINCIPLES OF JUDICIAL ESTOPPEL, IF, INDEED, THE PLAINTIFF

25   DENIES THE CONDUCT WHICH HE ADMITTED, WHICH HE ADMITTED ORALLY

1    UNDER OATH IN THE JUVENILE COURT, THE DEFENSE WILL BE ABLE TO

2    IMPEACH HIM WITH THE TRANSCRIPT OF HIS PRIOR RECORDED

3    TESTIMONY.

4         WITH REGARD TO THE DEFENSE'S USE OF EITHER THE TRANSCRIPT

5    OR THE ADMISSIONS -- AND THAT WOULD BE MY EVIDENTIARY RULING

6    UNLESS AT THE TIME OF THE PRETRIAL PROCEEDINGS A MOTION IN

7    LIMINE IS FILED BY THE PLAINTIFF CITING AUTHORITY THAT

8    PERSUADES ME THAT IT'S NOT -- THAT THE TRANSCRIPT WOULD NOT BE

9    USABLE EVEN FOR IMPEACHMENT PURPOSES.

10        WITH REGARD TO THE DEFENSE IN THE USE OF THE TRANSCRIPT, I

11   TEND TO AGREE THAT THE ADMISSIONS COULD HAVE RELEVANCE TO THE

12   CASE AND VERY WELL MIGHT BE ADMISSIBLE, BUT I'M NOT PERSUADED

13   ON THE BASIS OF THE AUTHORITIES THAT YOU'VE CITED, WHICH I

14   FIND MOSTLY INAPPOSITE HERE, ASIDE FROM THE JUDICIAL ESTOPPEL

15   ARGUMENT, THAT THEY ARE ADMISSIBLE NOTWITHSTANDING THE WELFARE

16   AND INSTITUTIONS CODE PROHIBITION.  SO YOU ARE GOING TO NEED

17   TO DO A LITTLE MORE RESEARCH IF YOU WANT TO USE THEM IN YOUR

18   CASE-IN-CHIEF.

19        AS I SIT HERE TODAY, I WOULD NOT PERMIT YOU TO USE THE

20   ADMISSIONS IN YOUR CASE-IN-CHIEF, BUT I WILL LEAVE THE

21   QUESTION OPEN FOR BOTH OF YOU.  AND WE WILL RESOLVE IT AT THE

22   TIME OF THE MOTIONS IN LIMINE.

23        BUT I DID WANT TO HEAR WHAT YOU HAD TO SAY ABOUT IT.  I

24   WANT YOU ALL TO UNDERSTAND THE DILEMMA THAT I FEEL I AM FACED

25   WITH AND YOU NEED TO DO A BETTER JOB.  YOU NEED MORE TIME

```
1    RESEARCHING THIS.  IT IS NOT MY RESPONSIBILITY TO FIGURE IT

2    OUT.  YOU ARE SUPPOSED TO AT LEAST --

3             MR. NISENBAUM:  I UNDERSTAND.

4             THE COURT:  -- GET ME GOING IN THE RIGHT DIRECTION.

5    I DON'T THINK EITHER SIDE HAS DONE THAT.  IT IS OBVIOUSLY AN

6    ISSUE.  IF YOU WANT TO USE IT IN YOUR CASE-IN-CHIEF, YOU ARE

7    GOING TO NEED TO PURSUE IT.  IF YOU WANT TO PRECLUDE USE OF IT

8    IN ANY WAY, YOU WILL NEED TO PURSUE THAT A LITTLE MORE, TOO.

9       SO THE LIMIT -- MY TENTATIVE LIMITED EVIDENTIARY RULING

10   WOULD BE THAT THE TRANSCRIPT WOULD BE USABLE FOR IMPEACHMENT

11   PURPOSES ONLY.

12            MR. NISENBAUM:  THANK YOU.

13            THE COURT:  OKAY.

14            MR. HENKELS:  THANK YOU VERY MUCH YOUR HONOR.

15            THE COURT:  YOU'RE WELCOME.

16            (PROCEEDINGS CONCLUDED AT 9:35 A.M.)

17                     CERTIFICATE OF REPORTER

18            I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

19   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

20   CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

21   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

22

23            Diane E. Skillman

24            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

25            THURSDAY, FEBRUARY 5, 2015
```